THE STATE, JOHN H. VAN CLEEF, PROSECUTOR, v. THE COMMISSIONERS OF STREETS AND SEWERS OF NEW BRUNSWICK.

If a writ of *certiorari* is not served on or before its return day, it loses vitality, and ceases to operate, and cannot be revived by rule of court taken after such return day.

On motion to quash writs.

Argued at November Term, 1874, before Justices VAN SYCKEL and WOODHULL.

State, Van Cleef, pros., v. Commissioners, &c., of New Brunswick.

For the motion, *A. V. Schenck.*

*Contra, Dixon.*

The opinion of the court was delivered by

VAN SYCKEL, J. The writ of *certiorari*, in this case, was returnable on the first Tuesday of June, 1874. For some reason, which does not appear in the proceedings, the writ was not served. Counsel stated on the argument, and it was not denied, that, by mistake, it was served on the wrong person. On the 8th day of July, 1874, and after the return day of the writ, a rule was granted by this court, ordering the writ to be served, and a return made thereto.

The defendants, by their counsel, moved to discharge this rule as improvidently granted, and to quash the writ. It is a well settled rule, that all writs must be executed on or before their return day. It was impossible for the defendants to obey the mandate of the writ unless it was served before its return day. The writ is in full force, from its teste until the close of the day on which it is returnable; after that time, unless served, it loses its vitality, and ceases to operate.

In *Wood* v. *Lide,* 4 *Cranch* 180, Chief Justice Marshall held that, if a writ of error was not served until after the return day, the service would be void.

The rule of the common law undoubtedly is that, if the service cannot be made, or is not made on or before the return day, it is necessary to sue out a new process. 1 *Tidd's Pr.* 90; 1 *Arch. Pr.* 71, 260; *Whale* v. *Fuller,* 1 *H. Bl.* 222; *Smith* v. *Muller,* 3 *T. R.* 624.

A writ not served is dead, after the return day passes, and the cause is out of court. *Bunn* v. *Thomas,* 2 *Johns.* 190; *Miller* v. *Gregory,* 4 *Cowp.* 504; *State* v. *Kennedy,* 3 *Harr.* 22; *Mathews* v. *Warne,* 6 *Halst.* 295.

In the case last cited, the court say that the utmost length of time that the law allows for executing a writ is the day whereon it is returnable. The sheriff has no power over any goods but such as he levied his execution upon. In case

of the first seizure proving insufficient, the creditor must sue out an *alias*, which is sufficient evidence of the sheriff's inability to levy under the old writ after its return is out.

There are many cases where irregularities in process, which did not render it void, but only voidable, have, in the discretion of the court, been amended ; but this has been done while the writ was still in life, and not for the purpose of enabling a service of the writ to be made after its return day had passed.

The rule upon this subject was distinctly stated in *The State* v. *Kennedy*, 3 *Harr*. 22, where it was held that, if service of a *certiorari* was not made on or before the return day, it was void, and that after the return day the court could not resuscitate the writ.   It is insisted that, under this case, the amendment may be made, if applied for at any time during the term to which the writ is returnable ; but the case will not bear this construction.

The distinction drawn between cases where the court may exercise its discretion in aid of the prosecutor, and where it may not, is whether the writ is *in esse*, or has absolutely spent its force.   In the case now under consideration, unless the writ may be considered as returnable at any time during the whole term, it was as dead after the return day specified in it, as it would have been after the term had passed.   No reason can be perceived why, if the court could receive this writ at any time during the term, the same power might not, in their discretion, be exercised at any subsequent term.

It has never been supposed that, by rule of court, authority could be granted to levy an execution later in term than the return day, and to hold that process returnable at a particular day in term, can be regarded as returnable at any time during such term, would lead to an entire change in what has been understood to be the settled practice of our courts.   It may be that this court could look through the mere form, and regard the proceeding as a new writ granted on the day the rule was applied for, but this would not relieve the prosecutor in this case, inasmuch as it was too late, at that time, to pros-

ecute a *certiorari* under the act authorizing the proceedings which have been certified.

In *Kirby* v. *Coles*, 2 *Green* 576, a *certiorari* directed to the Orphans Court of Gloucester county, was extended by a rule applied for at the term to which it was returnable, (February Term, 1835.)

This case has been referred to as an authority for extending the return day, or time for service and return, if applied for at any time during the term. In The State *v.* Kennedy, the court, referring to the rule granted in Kirby *v.* Coles, as an unusual proceeding, and of doubtful propriety, manifestly did not regard it as breaking in upon the rule, that a writ is void, if not served on or before its return day. Reference to the minutes of the court will show that the rule entered in the case last named is not dated, and it may be presumed that the application was made to the first day of term. It does not appear that the motion was resisted, or that the question raised in this case was suggested to the court. Any loss that may fall upon the prosecutors, must be attributed to their own laches, and not to any undue rigor in this rule of practice.

In my opinion, the rule heretofore granted, should be set aside, and the writ quashed.

Justice WOODHULL concurred.